**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JONATHAN DAVIDOFF,<br><br>                      Plaintiff,<br><br>- against -<br><br>BANK OF AMERICA CORPORATION, a foreign Corporation, and FIA CARD SERVICES<br><br>                      Defendants. | Case No. 10-cv-80981 (JIC) |

PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

## TABLE OF CONTENTS

**Table of Authorities** ............................................................................................................... 2

**CounterStatement of Facts** .................................................................................................... 3

**Argument** ................................................................................................................................. 8

    I. Applicable Law and Standard of Review ........................................................................ 8

    II. A Condition Precedent to the Effectiveness of the Settlement Agreement Never Occurred thereby Preventing Contract Formation ............................................................... 9

    III. The Parties Never Had an Agreement Because Davidoff Properly Revoked the Settlement Agreement Prior to Acceptance and the Defendants Rejected the Offer ........... 10

    IV. Defendants Unilateral Performance Does not Vitiate the Need to Establish All Elements of Contract Formation .......................................................................................... 11

**Conclusion** ............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Am. Appraisal Associates, Inc. v. Am. Appraisals, Inc.*, 531 F.Supp.2d 1353 (S.D. Fla. 2008) ............................................................................................................................. 8

*BP Products N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F.Supp.2d 1128 (M.D. Fla. 2007) ............................................................................................................................. 8

*Chinea v. United Drywall Group, LLC*, 2010 WL 2508920, *1 (S.D. Fla. May 27, 2010) 7

*Kendel v. Pontious*, 244 So.2d 543 (Fla. 3d DCA 1971) .............................................. 8, 10

*Mitchell v. DiMare*, 936 So.2d 1178, 1180 (Fla. 5th DCA 2006) ..................................... 8

*Ribich v. Evergreen Sales & Serv., Inc.,* 784 So.2d 1201 (Fla. 2d DCA 2001) ............. 7, 8

*Robbie v. City of Miami,* 469 So.2d 1384 (Fla.1985) ........................................................ 7

*Steinberg v. Bay Terrace Apartment Hotel, Inc*., 375 So. 2d 1089 (Fla. App. 1979) ....... 11

*Sullivan v. Econ. Research Props.,* 455 So.2d 630 (Fla. 5th DCA 1984) .......................... 8

*Wong v. Bailey*, 752 F.2d 619 (11th Cir. 1985) ................................................................. 7

## COUNTERSTATEMENT OF FACTS

This opposition, by Plaintiff (hereinafter the "Plaintiff" or "Davidoff"), is to the Defendants', Bank of America Corp. (hereinafter "BOA") and FIA Card Services (hereinafter "FIA") (collectively hereinafter the "Defendants") Motion to Enforce Settlement Agreement ("Motion") filed with this Court on or about January 3, 2011.  The underlying dispute arose in connection with Plaintiff's attempt to settle three credit card accounts held by the Defendants and misconduct committed by the Defendants in or about August 2008 through January 2009.  The Parties, entered into a settlement agreement in or about November 2009.

In or about March 2010, the Plaintiff, after he had performed all of his obligations under the settlement agreement, discovered that the Defendants did not comply with the terms of the settlement agreement, which the Defendants' prior and current counsel admitted, and thus the Plaintiff moved to enforce the settlement agreement in the Circuit Court of Palm Beach County via a motion, which the Defendants objected to.  Plaintiff then filed a second action in the Circuit Court of Palm Beach County, at the instance of the Defendants' counsel, Ronald Canter, Eq. (hereinafter "Canter"), which the Defendants removed to this Court.  Thus, the instant matter sits before this Court.

In an attempt to reach a settlement in this case, Davidoff and Canter exchanged many email messages and had many telephone conversations, while they engaged in intense settlement discussions.  During numerous occasions, settlements were reached in principal, only to be rescinded by the Defendants for numerous reasons.  Now, the

Defendants attempt to enforce a revoked settlement offer, because they have remorse that they passed up on a very beneficial deal to them.

To the Defendants' motion, the Defendants attached copies of emails sent on December 22, 2010 to support the proposition that Defendants had performed their obligations and delivered the settlement agreement to the Plaintiff. *See* Defendants' Exhibits "2" and "3". However, Defendants failed to include the email messages before and after that date that show 1) that Davidoff's approval of the exhibits was required before the settlement agreement could be come become effective; 2) that Davidoff unequivocally revoked the settlement agreement prior to acceptance Defendants acknowledged that revocation; 3) that Canter violated and escrow agreement between the parties by delivering an executed escrow agreement to Defendants, and; 4) that Defendants made a counteroffer that rejected the settlement agreement.

On December 7, 2010 at 5:33pm, after a series of revisions to the agreement and the proposed credit line deletion letter exhibits, Davidoff attached an executed agreement in PDF format and clean copy in a word processing document in Word format and emailed Mr. Cantor with the following body:

> I have executed this agreement. If your clients want to accept it, please forward me the exhibits and upon my approval have your clients execute.
>
> This executed agreement can be held in trust by you, but will not be deemed effective until I provide you written authorization after I review the exhibits.
>
> I have the right to withdraw this and hold it null and void prior to your clients executing. Attached as Davidoff Aff. Exhibit 1.

On December 8, Mr. Cantor advised that we would "send this over to the bank for signature." To which Davidoff specifically advised, "You cannot give them the executed until they execute." *See* Email attached as Davidoff Aff. Exhibit 2. An unexecuted clean copy, to be generated from the word processing version of the agreement was to be distributed to Defendants for their signature and agreement.  Subsequently, after Davidoff approved the exhibits, Canter was to release the executed agreement to Defendants. However, Canter released the agreement executed by Davidoff to Defendants for their signature prior to the receiving the any written authorization approving the exhibits.   At no point in time after Davidoff sent his version of the executed agreement, on December 7, 2010 and before Davidoff revoked the offer on December 17, 2010 did Canter or the Parties ever provide drafts of the exhibits for Davidoff to review.  Thus, the Defendants never honored their obligations under the proposed settlement offer.

On Friday December 10, 2010, Davidoff emailed Canter and advised him that his clients needed to execute and deliver the settlement agreement.  In response to Davidoff's demand, Canter conveyed a counter offer:

> "I know. There was a change in position of the person I was dealing with.
>
> They say they can only sign for FIA and I am trying to get them to get BOA to sign also. I will be in touch by 4pm."

And then later that day Canter conveyed the rejection of Davidoff's December 7, 2010 offer and countered by proposing the following offer:

> "Will you accept a signature by FIA alone?"  See Emails attached as Davidoff Aff. Exhibit "3".

On Friday, December 17, 2010 at 3:08 PM, Davidoff sent the following revocation of the offer to settle to Canter:

> Please be advised that I hereby withdraw my offer to settle the matter with BoA and FIA Card Services. Please immediately return the executed Settlement Agreement you are holding in escrow. Your clients had until Wednesday of this week to accept the offer and return an executed agreement. Your clients have failed to deliver such executed settlement agreement, and thus the offer is withdrawn.
>
> I will advise the Court of the status and to set the case for conference after the first of the year. Attached as Davidoff Aff. Exhibit 4.

On Friday, December 17, 2010 at 3:14 PM, Canter, referring to the attached signed agreements and credit deletion letters replied:

> The attached just came in at 300pm and I was on a court call. Please advise if you will rescind your rejection. Attached as Davidoff Aff. Exhibit 5.

Later on Friday, December 17, 2010 at 3:44 PM, Canter followed up with:

> I must advise that the credit bureau deletion letters will be void if you fail to withdraw your revocation and that any permission given by my client for you to show them to third parties would be null and void. Attached as Davidoff Aff. Exhibit 6.

Thus, it is clear from these emails that Canter recognized the fact that Davidoff was entitled to revoke the settlement offer, and that Davidoff did indeed actually revoke the offer before it was accepted by the Defendants and such acceptance was delivered to the Plaintiff.

During numerous conversations between Canter and Davidoff, Canter admitted that he erred in releasing Davidoff's executed proposed settlement agreement. In fact, Canter stated that if he was required to testify at an evidentiary hearing, Canter would admit that he released the proposed executed settlement agreement without written or oral permission from Davidoff, and that he was wrong for doing so. Furthermore, Canter verbally admitted that the Defendants did delay the process, as he had a difficult time getting the Defendants to execute the agreement because of changes in position of the Defendants as to whether they desired to settle the matter, and that Davidoff did indeed revoke the offer PRIOR to the delivery of the executed settlement agreement by the Defendants.

While Defendants argue that Davidoff has benefitted from their sending the account deletion letters such is absolutely false, as the accounts still remain on Davidoff's credit reports. On December 30, 2010 and again on this day, Davidoff advised Canter that accounts remained on his credit reports. *See* Davidoff Aff. Exhibit 7.

# ARGUMENT

## I. Applicable Law and Standard of Review

Florida's general contract law governs settlement agreements. *Chinea v. United Drywall Group, LLC*, 2010 WL 2508920, *1 (S.D. Fla. May 27, 2010) *citing Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985); *Ribich v. Evergreen Sales & Serv., Inc.,* 784 So.2d 1201, 1202 (Fla. 2d DCA 2001) *citing Robbie v. City of Miami,* 469 So.2d 1384 1385 (Fla.1985). Under Florida law, the party seeking to compel enforcement of a settlement must show that the opposing party assented to the terms of the agreement. *BP Products N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F.Supp.2d 1128, 1133 (M.D. Fla. 2007). To result in a contract, an acceptance of an offer must be 1) absolute and unconditional; 2) identical with the terms of the offer and in the mode, at the place and; 3) within the time expressly or impliedly required by the offer. *Ribich v. Evergreen Sales & Serv., Inc.,* 784 So.2d at 1202 *citing Sullivan v. Econ. Research Props.,* 455 So.2d 630, 631 (Fla. 5th DCA 1984) and; 4) communicated to the offeror.

Acceptance of an offer is deemed communicated and becomes effective under the "deposit acceptance rule" when it is deposited in the mail and in terms of email, when the document is emailed to the offeror. *Am. Appraisal Associates, Inc. v. Am. Appraisals, Inc.*, 531 F.Supp.2d 1353, 1358 (S.D. Fla. 2008) (holding that a settlement agreement became effective after defendant signed it emailed it to the plaintiff) *citing Kendel v. Pontious*, 244 So.2d 543, 544 (Fla. 3d DCA 1971). Prior acceptance, an offeror may

revoke an offer provided the communication of the revocation is received before acceptance. *Kendel v. Pontious*, 244 So.2d 543, 544 (Fla. 3d DCA 1971).

In addition to offer and properly communicated acceptance, where there is a condition precedent to formation a contract does not exist unless and until the condition occurs. *See Mitchell v. DiMare*, 936 So.2d 1178, 1180 (Fla. 5th DCA 2006). A condition precedent is an act or event, other than the passage of time, that must occur before the contract will arise. *Id*. Here, there was a condition precedent that was not met, which was the delivery of the exhibits and approval by Davidoff. Furthermore, the Defendants were to receive the explicit written consent by Davidoff prior to the proposed agreement being binding, which never occurred.

## II. A Condition Precedent to the Effectiveness of the Settlement Agreement Never Occurred thereby Preventing Contract Formation

On December 7, 2010, Davidoff delivered an executed agreement to Canter with the following instructions: "This executed agreement can be held in trust by you, but will not be deemed effective until I provide you written authorization after I review the exhibits." *See* Davidoff Aff. Exhibit 1. Davidoff's act of approving the exhibits was a condition precedent to the contract formation. As Davidoff never issued a writing to approve the exhibits the Settlement Agreement it never became effective. *See Mitchell v. DiMare*, *supra*.

As discussed below, Davidoff's revocation of the offer before the Defendants' acceptance and delivery of such acceptance precludes enforcement of the settlement agreement. The absence of the condition precedent is an independent reason to deny

Defendants motion because even if the offer had not been revoked it would remain to this day ineffective because Davidoff never approved the exhibits.

### III. The Parties Never Had an Agreement Because Davidoff Properly Revoked the Settlement Agreement Prior to Acceptance and the Defendants Rejected the Offer

In its brief in Support of Motion to Enforce the Settlement Agreement, Defendant stated: "Notwithstanding the signature of the Defendants on the agreement and their performance thereunder, the Plaintiff has attempted to rescind the agreement." Def. Br. pg 3. Defendants' argument ignores both the existence of the condition precedent created in the trust agreement that prevented the agreement from becoming effective until Davidoff had approved the exhibits and the fact that Davidoff revoked the offer to settle prior to Defendants' communication of acceptance. Furthermore, Canter and Defendants ignore Canter's unprofessional, unethical, and bad acts of releasing such proposed executed settlement agreement to the Defendants, when he was specifically instructed on numerous occasions not to release such until Canter received permission from Davidoff. If Canter had honored his obligations, there would not be a fully executed document. Thus, the Defendants should not benefit from their counsel's bad acts.

The law of contracts is clear that Davidoff had the right to revoke at any time before receiving communication of acceptance. *Kendel v. Pontious, supra.* Davidoff emailed a clean copy of the Agreement to Defendants for their signature on December 7, 2010. To accept the Agreement and create a binding contract, Defendants, in addition to complying with the stated condition precedent, were obligated to sign the Agreement and communicate that acceptance to Davidoff before he revoked the offer. Communication of

acceptance is a required element of contract formation and here it was the practice of the parties to communicate acceptance by email. *See* Davidoff Aff ¶ 9. Here, Davidoff revoked the offer to settle at 3:08pm on December 17 and Defendants acknowledged that revocation but nevertheless attempted to communicate acceptance at 3:14 pm. The chronology is clear that the offer to settle was revoked before it was accepted.

Even if Davidoff's December 17, 2010 revocation was not effective, Defendants counteroffer on December 10, 2010 operated as a rejection of Davidoff's offer to settle sent on December 7, 2010. The terms of Davidoff's offer where that both Defendants had to execute the agreement but on December 10, Canter asked if Davidoff would accept only FIA signature to execute the agreement. *See* Davidoff Aff. Exhibit "3". This counteroffer rejected the terms of the December 7, 2010 offer.

**IV. Defendants Unilateral Performance Does not Vitiate the Need to Establish All Elements of Contract Formation**

Defendants' argument must fail because it assumes the existence of a contract and then agues that Davidoff waived his right to rescind that agreement because he had accepted the claimed benefit of the bargain. Defendants argue that Davidoff "accepted FIA's letters to him confirming that his credit accounts have been cleared and has accepted the benefit of the communications to the credit reporting agencies that altered the status of his account." Def Br. pg 4. However, as Davidoff advised Canter on December 30, 2010, the credit reports have not been deleted, which also establishes that Canter misled this Court in his motion papers. Moreover, to argue that Davidoff had assented to the contract is at odds with Canter's own words in his December 17, 2010 at

3:14 pm email that delivered the documents wherein he stated: "Please advise if [Davidoff] will rescind your rejection." Defendants' claim of Davidoff accepting the benefit of the bargain is likewise at odds with Canter's email at 3:44pm on December 17, 2010, that specifically advised Davidoff that the deletion letters would be void if Davidoff did not rescind his revocation. See Davidoff Aff. Exhibit "6".

Perhaps Canter's error of presenting Defendants with the settlement agreement Davidoff had executed created a belief in Defendants that their authorized signature would consummate the settlement agreement. However, no matter the reason, Defendants acts of sending the credit deletion letters to the credit reporting agencies cannot cure the three defects to contract formation; 1) that Davidoff never authorized the exhibits to make the Settlement Agreement effective; 2) Davidoff revoked the offer to settle before Defendants communicated acceptance; and, 3) Defendants' counteroffer on December 10, 2010, seeking to consummate the agreement with only FIA's signature rejected Davidoff's December 7, 2010 offer that Defendant now argue should be enforced.

Defendants citation to *Steinberg v. Bay Terrace Apartment Hotel, Inc*., 375 So. 2d 1089 (Fla. App. 1979) to support the acceptance and waiver theory is readily distinguishable from this case. The issue in *Steinberg* was whether a purchaser of real estate could rescind a contract after closing based on mutual mistake. In *Steinberg*, the purchaser waived rescission by mutual mistake because the purchaser had the opportunity to inspect the property prior to closing, failed to meet the elements of rescission based on mutual mistake, and failed to protest the contract promptly upon discovery of the claimed

mistake. *Id*. Here there was no contract because Davidoff revoked before Defendants accepted, and Davidoff repeatedly reaffirmed that there was no agreement. *See* Davidoff Aff. ¶ 25. In this matter, there was no mistake, but merely a rejection of Davidoff's offer by the Defendants, and a revocation of the offer. In the instant matter, the Defendants merely realize that they want to accept an offer, that was revoked and was no longer available to them, unfortunately their change of heart was too late and there was no meeting of the minds.

Defendants' argument that Davidoff refused to confirm the agreement with signatures of both parties mischaracterizes the chronology of events in this case. The fact that the Settlement Agreement had both signatures shows that Canter released Davidoff's executed proposed settlement offer to Defendants against the specific instructions on December 8, 2010 when he stated: "You cannot give them the executed until they execute." *See* Exhibit 3. Defendants' quotation from Davidoff's December 22, 2010 email that stated: "I am not happy with your client and the games it played. I am not really inclined to accept its offer. We can talk and you can convince me why I should accept it now or make me another offer." Def. Br. Pg 4. In accord with the actual chronology of events revoking the offer and, Canter's recognition of that revocation, Davidoff's language of counteroffer and possible acceptance reiterates the fact that no contract existed on December 22, 2010 or anytime, and not that Davidoff refused to confirm a properly consummated settlement agreement. On December 27, 2010, Davidoff recounted the series of events and again expressed that that the parties did not have an agreement. *See* Davidoff Aff. Exhibit 9. Davidoff continued with language of

negotiation by stating, "I am happy to consider the terms you and I thought were reasonable[.]" Defendants' argument that Davidoff had waived his right to rescind and remained defiant in confirming the completed agreements is inapt because it is simply at odds with the facts and law discussed above.

## CONCLUSION

Defendants' Motion to Enforce Settlement Agreement should be denied on numerous grounds that prevented the settlement agreement from becoming effective. First, Davidoff's approval of the exhibits was a condition precedent to the proposed settlement agreement being accepted by the Defendants and enforceable.. Second, Davidoff specifically retained the right to revoke his offer to the Defendants prior to acceptance and delivery by the Defendants. Third, the Defendants rejected the proposed offer and counter-offered when they requested that only FIA execute the settlement agreement. Finally, even if this Court enforces the settlement agreement, the accounts have not been redacted from Davidoff's credit reports, and thus the settlement agreement is meritless because the provisions of the settlement agreement provide for Davidoff to litigate his claims if such are not redacted.

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' Motion to Enforce Settlement Agreement, and recognize that such Motion is meritless, frivolous, and filed in bad faith. If this Court is not persuaded on the papers to deny the Defendants' motion, Plaintiff requests an evidentiary hearing on this matter, and seeks discovery from the Defendants (including documents, email communications, and

depositions).  Thus, if this Court is not persuaded to deny the Motion on these papers, an evidentiary hearing is necessary to determine the merits of the relief sought by the Defendants.

Dated:  February 8, 2011

_____/JMD/_____
DAVIDOFF LAW FIRM, PLLC
Jonathan Marc Davidoff, Esq., Plaintiff
Florida Bar #179833
60 East 42nd Street, Suite 2231
New York, NY 10165
Tel:  212-587-5971       Fax:  212-658-9852

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via [X] email rcanter@roncanterllc.com and [X] Federal Express, this 8th day of February, 2011, to: **Ronald S. Canter, Esq.**, Law Offices of Ronald S. Canter, LLC, *Attorneys for Defendants*, 11300 Rockville Pike, Suite 1200, Rockville, Maryland 20852.

_____/JMD/_____
Jonathan Marc Davidoff, Esq.
Fla Bar #179833